IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| v.           ) | CASE NO. 2:04cr97-MHT |
| ) | [WO] |
| WILLIE FATE JONES       ) | |

**O R D E R**

On March 27, 2006 (Doc. # 62), the movant, Willie Fate Jones, filed a pleading styled as a "Motion for Extension of Time" to file a motion pursuant to 28 U.S.C. § 2255, in which he effectively requests that this court extend the limitation period applicable to the filing of a § 2255 motion.[1]  Jones asks the court to extend the period for him to file a timely § 2255 motion to "60 days after the government makes its decision on filing a Rule 35(b) Motion." However, this court has no authority to extend the one-year period of limitation contained in § 105 of the Antiterrorism and Effective Death Penalty Act.  The court's records reflect that a judgment was entered in Jones's criminal case on April 1, 2005, and that Jones did not appeal from that judgment.  *See* Doc. # 60, Case No. 2:04cr97-MHT.  Thus, in the interest of justice, the court concludes that the pleading filed by Jones on March 27, 2006 (Doc. # 62), should be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Accordingly, it is

---

[1] Although Jones's motion was stamped "received" in this court on April 3, 2006, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, March 27, 2006, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

ORDERED that on or before June 5, 2006, Jones may file an amendment to his 28 U.S.C. § 2255 motion setting forth any specific claims for relief he wishes to present.

The Clerk of this court is hereby DIRECTED to:

1. Open a civil action under 28 U.S.C. § 2255.

2. Docket the pleading filed by Jones on March 27, 2006 (currently docketed as Doc. # 62 under Case No. 2:04cr97-MHT), in the newly opened civil action.

3. Assign the newly opened case to the Magistrate Judge and District Judge to whom the instant case is assigned; and

4. Refer the case file to the appropriate Magistrate Judge for further proceedings upon completion of the foregoing directives.

Done this 4th day of April, 2006.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE